LANDAU GOTTFRIED & BERGER LLP
Michael I. Gottfried (SBN 146689)
mgottfried@lgbfirm.com
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Tel: (310) 557-0050
Fax: (310) 557-0056

*Attorneys for Siempre Viva Industrial II, LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re

IMPERIAL TOY LLC,

        Debtor.

Case No. 19-52335 (MEH)

Chapter 11

**SIEMPRE VIVA INDUSTRIAL II, LLC'S LIMITED OBJECTION TO DEBTOR'S MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL DEBTORS'S ASSETS FREE AND CLEAR OF LIENS; (II) APPROVE THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; AND (III) PROVIDE RELATED RELIEF**

Date:   December 16, 2019
Time:  1:30 p.m.
Judge:  Honorable M. Elaine Hammond
        United States Bankruptcy Court
        280 South First Street
        San Jose, CA 95113

# LIMITED OBJECTION

Siempre Viva Industrial II, LLC ("Landlord") hereby files its limited objection to *Debtor's Motion to: (I) Approve Sale of Substantially All Debtor's Assets Free and Clear of Liens; (II) Approve the Assumption and Assignment of Executory Contracts; and (III) Provide Related Relief* (Docket No. 15) (the "Sale Motion") and *Corrected Supplement to the Sale Motion* (Docket No. 49) (the "Corrected Supplement") as they relate to the assumption and assignment of the Commercial Park Lease dated June 27, 2012 for the premises located at 9043 Siempre Viva Road, #100, San Diego, California 93143 (the "Siempre Viva Lease Agreement").

## I. INTRODUCTION

Pursuant to the Corrected Supplement, Imperial Toy LLC (the "Debtor") identifies the Lease Agreement as an agreement that may be assumed and assigned to the purchaser of the Debtor's assets pursuant to the Sale Motion. The Corrected Supplement further provides that parties listed on the Supplement must file an objection to the proposed adequate assurance to be provided or the proposed cure amount by no later than December 10, 2019. However, the Debtor failed to provide any information regarding "adequate assurance" in either the Sale Motion or the Corrected Supplement, and despite numerous requests for such information by counsel for Landlord, the Debtor still has not provided any information to provide Landlord with the opportunity to determine whether the proposed purchaser can meet the requirements for "adequate assurance" as provided by section 365(f)(2) of the Bankruptcy Code. Additionally, while the Debtor's proposed cure amount accurately reflects the rent due in November 2019, the proposed cure does not include attorneys' fees and costs that are due under the Lease Agreement and that continue to accrue in this case, nor additional amounts that may be due upon inspection of the premises.

    **A.** **The Debtor May Not Assume and Assign the Siempre Viva Lease Agreement Absent a Showing of Adequate Assurance of Future Performance.**

The Debtor acknowledges in the Sale Motion that in order to assume and assign a lease agreement, it is required to demonstrate adequate assurance of future performance by the proposed purchaser. The Sale Motion states: "Adequate assurance, among other things, may be provided by

1

demonstrating the assignee's financial health and resources and experience in the industry. Adequate assurance may also be shown when the assignee has expressed a willingness to devote sufficient resources to fund the business. *In re Bygraph, Inc.*, 56 B.R. 596, 605-606 (Bankr. S.D.N.Y. 1986)." *Sale Motion* at p. 18. Despite that acknowledgment, the Sale Motion and the Corrected Supplement are devoid of any evidence, or even discussion, of the financial health, resources, or experience of Ja-Ru, Inc. (the "Proposed Purchaser").[1] Moreover, counsel for Landlord requested such information from Debtor's counsel on several occasions subsequent to the filing of the Sale Motion and the Corrected Supplement, and has yet to receive it.

In addition to the Bankruptcy Code's requirement of adequate assurance for the assumption and assignment of a lease agreement, the Siempre Lease Agreement includes a similar requirement in connection with its provisions on assignment and subletting. Section 8.02 (B) of the Siempre Viva Lease Agreement provides that in the event of a "Permitted Assignment" the tenant "shall have supplied Landlord with the name of the proposed assignee, a financial statement of the proposed assignee (including both an income statement and balance sheet) and a resume covering the business experience of the proposed assignee." The section further provides that to be a "Qualified Transferee" the proposed assignee must have "a net worth (based upon generally accepted accounting principles) equal to or greater than Tenant's net worth on the execution date hereof or on the date the proposed assignment is to become effective, whichever is greater." *See generally* Declaration of Jeremiah Harrington, Exhibit "A", Art. VIII.

As the Debtor has provided none of the above-referenced information to Landlord, the Debtor has failed to meet the requirements of section 365(f)(2) of the Bankruptcy Code, and Landlord respectfully requests that the Court disallow the proposed assumption and assignment at this time. Additionally, if the Debtor and/or the Proposed Purchaser provide any evidence of "adequate assurance" prior to, or at the sale hearing, Landlord requests that it be provided with a

---

[1] In the event that the ultimate purchaser of the Debtor's assets is not the Proposed Purchaser, Landlord respectfully requests that it be provided with a reasonable opportunity to review the "adequate assurance" information provided by such purchaser, and potentially object to the assumption and assignment of the Siempre Viva Lease Agreement to the extent that the adequate assurance is inadequate.

2

reasonable opportunity to review such information, and potentially further object to the assumption and assignment as may be appropriate.

### B. The Proposed Cure Amount Does Not Include All Amounts Necessary to Cure Defaults.

While the Debtor's proposed cure amount for the Siempre Viva Lease Agreement accurately reflects the Base Rent due in November 2019, it fails to include certain amounts that are, or may become due under the Siempre Viva Lease Agreement. Under 11 U.S.C. § 365(b), the Debtor must cure all defaults under the Siempre Viva Lease Agreement as a condition precedent to assumption and assignment. *See In re Entm't, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) ("The cure of a default under an unexpired lease pursuant to 11 U.S.C. § 365 is more akin to a condition precedent to the assumption of a contract obligation than it is to a claim in bankruptcy. One of the purposes of Section 365 is to permit the debtors to continue in a beneficial contract; provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of the contract.") (internal citations omitted). This includes interest and attorneys' fees, if those costs are recoverable pursuant to the terms of the lease. *Id.* at 152-54; *see also In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (requiring payment of attorneys' fees as part of cure amount where lease in question provided for payment of landlord's attorneys' fees). Here, the Debtor does not include the following amounts that are or may become due under the Siempre Viva Lease Agreement:

(1) **Legal fees and costs**. Section 15.05 of the Siempre Viva Lease Agreement provides that if "Landlord has to pursue any of its rights or remedies under this Lease, Landlord shall be entitled to recover from Tenant all reasonable costs incurred by Landlord in attempting to collect such sum, including reasonable attorneys' fees." Here, Landlord has incurred and will likely incur legal fees and costs in connection with this bankruptcy case.

(2) **Repair and Maintenance**. Article IX of the Siempre Viva Lease Agreement provides for Debtor to bear the costs of certain repairs, maintenance, and replacement costs, and provides the ability of Landlord to inspect the premises prior to tendering possession.

3

Landlord has not been provided with an opportunity to inspect the premises to determine the extent of damages, if any.

If the Debtor intends to proceed with the assumption and assignment of the Siempre Viva Lease Agreement, and if the Debtor is able to demonstrate adequate assurance of future performance as discussed above, Landlord would agree quickly to work with the Debtor and the Proposed Purchaser to determine the entire cure amount reflective of the items above.

## II. CONCLUSION

Based on the above, Landlord respectfully requests that the Sale Motion and Corrected Supplement be denied as they relate to the Debtor's assumption and assignment of the Siempre Viva Lease Agreement.

Dated: December 9, 2019

LANDAU GOTTFRIED & BERGER LLP

By: */s/ Michael Gottfried*
MICHAEL GOTTFRIED
Attorneys for Siempre Viva Industrial II, LLC