SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
MICHAEL M. LAUTER, Cal. Bar No. 246048
JACQUELINE G. LUTHER, Cal. Bar No. 271844
SHADI FARZAN, Cal. Bar No. 301610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: okatz@sheppardmullin.com
       mlauter@sheppardmullin.com
       jluther@sheppardmullin.com
       sfarzan@sheppardmullin.com

Attorneys for Debtor
Imperial Toy LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Imperial Toy LLC, a California limited liability company,<br><br>          Debtor. | Case No. 19-52335<br>Chapter 11<br><br>**DEBTOR'S EX PARTE MOTION TO CONVERT CASE TO CHAPTER 7**<br><br>Judge: Hon. M. Elaine Hammond<br>Place: United States Bankruptcy Court<br>       280 South First Street<br>       San Jose, California 95113 |

# I.
# INTRODUCTION

The debtor and debtor-in-possession Imperial Toy LLC, (hereafter, the "Debtor") hereby seeks an order in the form attached as Exhibit A converting the case to chapter 7 on an ex parte basis.

The Debtor has closed a sale of substantially all of its assets to Ja-Ru, Inc., it has fulfilled certain post-closing obligations under a Court-approved transition agreement, and the creditors committee appointed in this case has completed its review of pre-petition liens and reached certain settlements with pre-petition secured parties. There is no longer any need for this case to remain in chapter 11, and the Debtor does not possess sufficient funds to confirm a chapter 11 plan. Given that every day in chapter 11 entails an administrative burden and cost, and the Debtor has conferred with the Committee and understands the Committee to support conversion to chapter 7 immediately, the Debtor submits that adequate grounds exist to convert the case to chapter 7 immediately.

# II.
# FACTUAL BACKGROUND

This Court approved a sale of substantially all of the Debtor's assets to Ja-Ru, Inc. or its designee on December 17, 2019. (Docket No. 101). That sale closed on December 18, 2019. (Docket No. 112). The Debtor then fulfilled certain post-closing obligations through a transition services agreement approved by the Court (Docket No. 179), and the Debtor has now fulfilled its obligations under that agreement.

The Committee's review of pre-petition liens in this case has resulted in settlements approved by this Court with the pre-petition factor and the pre-petition ABL agent. The Debtor understands that the Committee does not expect any further settlements to be reached (Docket Nos. 192, 193), and will hand over all remaining lien issues to the chapter 7 trustee once appointed.

The Debtor does not possess sufficient funds to confirm a chapter 11 plan and believes that conversion to chapter 7 is in the best interests of the estate.

## III.

## ARGUMENT

Section 1112(a) of the Bankruptcy Code gives the Debtor the right to convert a chapter 11 case to chapter 7 unless one of three exceptions apply: (i) the Debtor is not a debtor in possession; (ii) the case started as an involuntary; and/or (iii) the case was converted from another chapter to chapter 11 on the request of a party other than the Debtor. 11 U.S.C. § 1112(a); Senate Report No. 95-989 ("[Section 1112(a)] gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case."); In re Texas Extrusion Corp., 844 F.2d 1142, 1161 (5th Cir. 1988) ("A debtor has the absolute right to convert his or her Chapter 11 case to a Chapter 7 case…").

None of the exceptions in Section 1112(a) apply here – the Debtor is in possession, the case commenced as a voluntary chapter 11, and the case was not converted to chapter 11 from another chapter.

Further, good cause exists to convert to chapter 7. Remaining in chapter 11 after this point in time will simply cause the estate to incur the additional administrative burdens associated with chapter 11 with no corresponding benefit. The main purpose of the chapter 11 – liquidating the Debtor's assets in a sale process – has been achieved. And, the Committee has conducted a lien review and reached all the settlements with the pre-petition secured parties that it expects to reach. The best thing for the estate now would be to convert to chapter 7, handing the chapter 7 trustee any remaining claims and defenses, as well as the net cash available to the estate after payment of the administrative expenses of the chapter 11 through the carve-outs funded under the Court's post-petition financing orders (Docket Nos. 29 and 110) and the post-closing cash collateral order (Docket No. 152).

Case: 19-52335    Doc# 197    Filed: 02/20/20    Entered: 02/20/20 21:55:26    Page 3 of 7

Because every day in chapter 11 entails administrative costs, and the Debtor understands that the Committee supports conversion immediately, the Debtor submits that there is sufficient basis on which to convert this case to chapter 7 ex parte.

## IV.
## CONCLUSION

For the reasons stated above, the Debtor requests that the Court convert the case to chapter 7 by entering an order in the form attached as <u>Exhibit A</u>.

Dated: February 20, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Ori Katz*
ORI KATZ

Attorneys for Debtor,
IMPERIAL TOY LLC

# **EXHIBIT A**

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
MICHAEL M. LAUTER,
Cal. Bar No. 246048
JACQUELINE G. LUTHER,
Cal. Bar No. 271844
SHADI FARZAN,
Cal. Bar No. 301610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email:    okatz@sheppardmullin.com
             mlauter@sheppardmullin.com
             jluther@sheppardmullin.com
             sfarzan@sheppardmullin.com

Attorneys for Debtor
Imperial Toy LLC

## UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Imperial Toy LLC, a California limited liability company,<br><br>        Debtor. | Case No. 19-52335<br>Chapter 11<br><br>**ORDER CONVERTING CASE TO CHAPTER 7**<br><br><br>Judge: Hon. M. Elaine Hammond<br>Place: United States Bankruptcy Court<br>        280 South First Street<br>        San Jose, California 95113 |

Upon the Debtor's Ex Parte Motion to Convert Case to Chapter 7 (the "Motion") filed by the above-captioned debtor, Imperial Toy LLC ("Debtor") on February 20, 2020, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The above case is hereby converted to a case under chapter 7 of title 11 of the United States Code.

3. Notwithstanding the conversion of the case to chapter 7:

(a) Amounts that were funded pursuant to the interim and final debtor-in-possession financing orders (Docket Nos. 29 and 110) (the "DIP Orders") pursuant to the post-closing cash collateral order (Docket No. 152) (the "Cash Collateral Order") and pursuant to the order approving the transition services agreement (Docket No. 179) (the "TSA Order") shall be used by the chapter 7 trustee for the purposes stated and approved in those orders and the accompanying motions, including but not limited to amounts funded for professional fees and post-petition, pre-closing expenses;

(b) The outstanding checks issued by the Debtor to pay expenses contemplated under the DIP Orders, the Cash Collateral Order, and the TSA Order shall be honored in the ordinary course post-conversion; and

(c) Amounts that were funded as carve-outs for estate professionals under the DIP Orders and Cash Collateral Order and are currently being held in the trust accounts of counsel to the Debtor and counsel to the Committee shall remain in said trust accounts until the Court rules on final fee applications in this chapter 11 case, and shall be applied to any fees approved pursuant to such applications.

**\*\*\*END OF ORDER\*\*\***

## Court Service List

*ECF Parties by ECF*

SMRH:4838-4378-7445.1