| | |
|---|---|
| 1 | Gregg S. Kleiner, State Bar No. 141311 |
| | RINCON LAW LLP |
| 2 | 268 Bush Street, Suite 3335 |
| | San Francisco, California 94104 |
| 3 | Telephone No.: 415-672-5991 |
| | Facsimile No.: 415-680-1712 |
| 4 | Email: gkleiner@rinconlawllp.com |
| 5 | |
| | Counsel for DORIS KAELIN, |
| 6 | Trustee in Bankruptcy |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 19-52335 MEH |
| | Chapter 7 |
| IMPERIAL TOY LLC, | |
| | **MOTION FOR ORDER AUTHORIZING TRUSTEE TO PAY ALLOWED ADMINISTRATIVE CLAIMS** |
| Debtor. | |
| | [No Hearing Required Unless Requested] |

Doris Kaelin, the duly appointed and acting Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Imperial Toy LLC ("**Debtor**"), hereby moves the Court for an order authorizing her to pay allowed administrative claims. A summary of allowed administrative claims filed against the estate is attached hereto as **Exhibit A**.[1] The claims total approximately $206,336.59. If the Trustee is authorized to make the distributions, the Trustee will disburse these funds from cash on hand, as detailed in her Notice and Opportunity for Hearing on Motion for Order Authorizing Trustee to Pay Allowed Administrative Claims ("**Notice**") filed herewith. A copy of the Notice is attached hereto as **Exhibit B** and is incorporated by reference. As set forth in greater detail in the

---

[1] The Trustee is in contact with counsel who filed Claim 42, - Dun & Bradstreet in the amount of $2,406.24 ("**Claim 42**"). Provided the Court authorizes the Trustee to make distributions as requested herein, the Trustee shall only make a distribution on account of Claim 42 when she has completed her evaluation of the claim. Until the issues related to Claim 42 are resolved, the Trustee shall hold sums in reserve sufficient to pay Claim 42 as filed.

Notice, the Trustee is seeking authority to pay allowed administrative claims pursuant to 11 U.S.C. Section 503(b) and *In re Cloobeck*, 788 F.3d 1243, 1246-1247 (9th Cir. 2015).

By this motion, the Trustee seeks authority to distribute the allowed administrative claims summarized on Exhibit A hereto.

DATED: December 2, 2022     RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS KAELIN,
Trustee in Bankruptcy

# EXHIBIT A

| Claim # | Claimant | Allowed Amount |
|---|---|---|
| 42 | Dun & Bradstreet* | $2,406.24 |
| 69 | Axiom Label Group | $26,724.57 |
| 75 | Hangzhou Jinlong Case and Bag Co., Ltd (disallowed by Order) | $0 |
| 88/133 | Siempre Viva Industrial II, LLC | $87,361.58 |
| 92-3 | California Franchise Tax Board<br><br>Bifurcated claim:<br>$1,693.55 Chapter 7<br>$1,174.82 Chapter 11 | $2,868.37 |
| 126 | Atlas Wood Products | $2,909.25 |
| 127 | Martha Arevalo (withdrawn Dkt 327) | $0 |
| 128 | Gary Tam (withdrawn Dkt 343) | $0 |
| 129-2 | TWE Solutions | $2,941.50 |
| 130 | Canon Financial Services, Inc. (withdrawn Dkt 357) | $0 |
| 131 | MAHJ LLC, Assignee of Ja-Ru, Inc. (withdrawn per compromise (Dkt 351)) | $0 |
| 132 | Oracle America, Inc. | $32,388.32 |
| 137 | VPET USA, LLC | $4,781.62 |
| 138 | Pachulski Stang Ziehl & Jones LLP | $43,955.14 |
| **TOTAL** | | **$206,336.59** |

*The Trustee is in contact with counsel who filed Claim 42, Dun & Bradstreet, in the amount of $2,406.24 ("**Claim 42**"). Provided the Court authorizes the Trustee to make distributions as requested herein, the Trustee shall only make a distribution on account of Claim 42 when she has completed her evaluation of the claim. Until the issues related to Claim 42 are resolved, the Trustee shall hold sums in reserve sufficient to pay Claim 42 as filed.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

IMPERIAL TOY LLC,

Debtor.

Case No. 19-52335 MEH
Chapter 7

**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION FOR ORDER AUTHORIZING TRUSTEE TO PAY ALLOWED ADMINISTRATIVE CLAIMS**

[No Hearing Required Unless Requested]

**TO PARTIES ON THE LIMITED NOTICE MAILING MATRIX AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, the Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of Imperial Toy LLC ("**Debtor**" or "**Imperial Toy**"), has filed a Motion seeking authorization for her to pay allowed administrative claims. A summary of allowed administrative claims filed against the estate is attached hereto as **Exhibit A**.[1] The claims total approximately $206,336.59. If the Trustee is authorized to make the distributions, the Trustee will disburse these funds from cash on hand.

**BACKGROUND**

The Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on November 19, 2019 ("**Petition Date**"). During the pendency of the Chapter 11, the Debtor sold substantially all of its assets. On February 28, 2020, the Debtor voluntarily converted its case from Chapter 11 to Chapter 7. On March 13, 2020, the Debtor's financial advisor during the pendency of the Chapter 11 filed a Bankruptcy Rule 1019 Statement [Docket 214]. The Rule 1019 Statement estimated unpaid Chapter 11 expenses at $119,768.60. At the Trustee's request, the Bankruptcy Court established October 15, 2020 as the Chapter 11 administrative claims bar date [Docket 275].

**RELIEF REQUESTED**

Following the Trustee's review of all administrative claims filed against the Debtor's estate, including those filed following the Court's Chapter 11 bar date, the Trustee has concluded that entities with unpaid Chapter 7 and 11 administrative claims are owed, in total, approximately $206,336.59. As of December 2, 2022, the Trustee has cash on hand in the amount of $1,910,820.28. Subject to pending interim fee applications, the Trustee anticipates disbursing approximately $677,150.00 to the estate's Chapter 7 professionals.

The Trustee is unable to close the case at this time as there is one remaining adversary proceeding to be resolved - *Kaelin v. Marcum LLP and Ronald S. Friedman*, AP #21-05046. Trial is scheduled for June 2023. The Trustee believes that the estate is in a position to pay, in full, the allowed administrative claimants identified in Exhibit A, while holding adequate reserves for prosecuting the claims asserted in the adversary proceeding and administering the case. The Trustee seeks an order authorizing her to pay the allowed administrative claims identified in Exhibit A. Payment of these claims will reduce fees that the estate pays each month to the bank, which fees are calculated based on sums on hand. The relief sought herein is made pursuant to 11 U.S.C. Section 503(b) and *In re Cloobeck*, 788 F.3d 1243, 1246-1247 (9th Cir. 2015).

---

[1] The Trustee is in contact with counsel who filed Claim 42, Dun & Bradstreet, in the amount of $2,406.24 ("**Claim 42**"). Provided the Court authorizes the Trustee to make distributions as requested herein, the Trustee shall only make a distribution on account of Claim 42 when she has completed her evaluation of the claim. Until the issues related to Claim 42 are resolved, the Trustee shall hold sums in reserve sufficient to pay Claim 42 as filed.

1

**EXHIBIT B**

**PLEASE TAKE NOTICE THAT** beginning March 1, 2022, all matters before Judge Hammond will be conducted in person, in the courtroom, unless otherwise ordered by the court. Counsel and interested parties may appear at the hearing either in person or by Zoom. Additional information is available on Judge Hammond's procedures page on the court website: https://www.canb.uscourts.gov/judge/hammond/procedures. Information on attending hearings by Zoom will be provided on Judge Hammond's calendar posted no later than seven days prior to the hearing date at: https://www.canb.uscourts.gov/judge/hammond/calendar.

Instructions on how to file opposition, if any, and how to appear by phone are contained provided at the following link on the Court's website https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak and further detailed in the Court's Eighth Amended General Order 38, effective December 1, 2021. Information regarding Clerk's office Intake Counter hours of public operation, the electronic submission of documents, mailing addresses and the location of drop-boxes is available on the Court's website home page under the banner "Court Operations during the COVID-19 Outbreak Information about Hearings, Filings, and Operations": https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak.

ECF Registered Participants must continue to file all documents electronically. All other parties may submit documents for filing by mail, electronically via the Court's website, in designated drop-box locations or at the Clerk's office Intake Counter during the posted hours of public operation. Filing fee payments (no cash) may be submitted electronically, by mail or drop-box, or at the Clerk's office Intake Counter during the posted hours of public operation.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed payment of administrative claims or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice. Any written opposition should be filed with the Clerk of the United States Bankruptcy Court, Northern District of California, San Jose Division, at 280 South First Street, Room 3035, San Jose, CA 95113.**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

DATED: December 2, 2022         RINCON LAW, LLP

By:  */s/ Gregg S. Kleiner*
    Gregg S. Kleiner
    Counsel for Doris A. Kaelin, Chapter 7 Trustee

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP, 268 Bush Street, Suite 3335, San Francisco, CA 94104
Telephone No.: 415-672-5991 / Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

2

**EXHIBIT B**

**EXHIBIT A**

| Claim # | Claimant | Allowed Amount |
|---|---|---:|
| 42 | Dun & Bradstreet* | $2,406.24 |
| 69 | Axiom Label Group | $26,724.57 |
| 75 | Hangzhou Jinlong Case and Bag Co., Ltd (disallowed by Order) | $0 |
| 88/133 | Siempre Viva Industrial II, LLC | $87,361.58 |
| 92-3 | California Franchise Tax Board<br><br>Bifurcated claim:<br>$1,693.55 Chapter 7<br>$1,174.82 Chapter 11 | $2,868.37 |
| 126 | Atlas Wood Products | $2,909.25 |
| 127 | Martha Arevalo (withdrawn Dkt 327) | $0 |
| 128 | Gary Tam (withdrawn Dkt 343) | $0 |
| 129-2 | TWE Solutions | $2,941.50 |
| 130 | Canon Financial Services, Inc. (withdrawn Dkt 357) | $0 |
| 131 | MAHJ LLC, Assignee of Ja-Ru, Inc. (withdrawn per compromise (Dkt 351)) | $0 |
| 132 | Oracle America, Inc. | $32,388.32 |
| 137 | VPET USA, LLC | $4,781.62 |
| 138 | Pachulski Stang Ziehl & Jones LLP | $43,955.14 |
| **TOTAL** | | **$206,336.59** |

*The Trustee is in contact with counsel who filed Claim 42, Dun & Bradstreet, in the amount of $2,406.24 ("**Claim 42**"). Provided the Court authorizes the Trustee to make distributions as requested herein, the Trustee shall only make a distribution on account of Claim 42 when she has completed her evaluation of the claim. Until the issues related to Claim 42 are resolved, the Trustee shall hold sums in reserve sufficient to pay Claim 42 as filed.

3

**EXHIBIT B**

Case: 19-52335    Doc# 439    Filed: 12/02/22    Entered: 12/02/22 09:42:28    Page 6 of 6